JONATHON BROWN,

        Plaintiff,

                                     Case No. 26-cv-222-pp

   v.

CAPTAIN GLOUDEMANS, *et al.*,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 4) AND SCREENING COMPLAINT**

Plaintiff Jonathon Brown, who is representing himself, filed a complaint alleging that the defendants had violated his constitutional rights when he was incarcerated in a Wisconsin Department of Corrections institution.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves that motion, screens the complaint, dkt. no. 1, and resolves the plaintiff's motion to appoint counsel, dkt. no. 4.

## I.      Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which

---

[1] The plaintiff was not incarcerated when he filed this case, and he currently is not incarcerated.

1

relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is not employed, has no income, is looking for work and does not own any property. Dkt. No. 2 at 2-4. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pre-pay the filing fee. The plaintiff must pay the filing fee over time, as he is able.

## II. Screening of Complaint

### A. Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by unrepresented litigants liberally and hold them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     Plaintiff's Allegations

The plaintiff sues five defendants who work at the Milwaukee Secure Detention Facility: Captain Gloudemans, Sergeant Hearde, Tyler Mays, Sergeant Ivory and John Doe. Dkt. No. 1 at 1. The plaintiff alleges that on July 25, 2024, Officer John Doe physically abused him while Mays and Ivory had shackles around his ankles and Heard had the plaintiff's left arm secured behind his back. Id. at 2. Gloudemans allegedly stood back and watched, and another officer held a camera. Id. Hearde, Mays and Ivory allegedly already had the plaintiff secured to the ground because they wanted him to exit his cell. Id. The plaintiff states that he was not defiant or resistant when Officer John Doe jumped in the cell, punched him in the face three times and slammed his head against the ground three to six times. Id. at 3.

3

The defendants allegedly picked the plaintiff up and carried him to the fifth floor. Id. The plaintiff states that he screamed that he needed to go to the hospital because his head hurt. Id. The defendants allegedly called the nurses to check his vitals. Id. The plaintiff states that Gloudemans then demanded that the plaintiff be cut out of his clothing because of his combative behavior. Id. The plaintiff allegedly was placed in a cell without an ice pack, with a golf ball size knot on his head. Id. The plaintiff states that the defendants left him in the cell for three to four hours for the next captain to remove him from the cell and place him in a new one. Id.

For relief, the plaintiff seeks monetary damages. Id. at 4.

C.      Analysis

To state a claim for excessive use of force under the Eighth Amendment, a plaintiff must allege that a defendant applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force, and the extent of injuries caused by the force. Whitley v. Albers, 475 U.S. 312, 321 (1986); Rice, 675 F.3d at 668. A "prisoner need not show a 'significant injury' in order to have a good claim under the [E]ighth [A]mendment, if a guard inflicted pain maliciously or sadistically." Guitron v. Paul, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing Hudson, 503 U.S. at 7).

4

The plaintiff may proceed on an Eighth Amendment claim against Hearde, Mays, Ivory and Doe in their individual capacities for allegedly using unnecessary force on him. The plaintiff may proceed against Gloudemans in his individual capacity for allegedly failing to intervene in the alleged use of force. See Fillmore v. Page, 358 F.3d 496, 506 (7th Cir. 2004) ("[a]n official satisfies the personal responsibility requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights.") (quoting Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982)). After the named defendants file a responsive pleading to the complaint and the court issues a scheduling order, the plaintiff will be able to use discovery to identify the Doe defendant.

### III. Plaintiff's Motion to Appoint Counsel (Dkt. No. 4)

The plaintiff filed a motion to appoint counsel. Dkt. No. 4. He states that this case is too complex for him because he doesn't understand the legal system. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with the lawyers' names, their addresses, how and when the plaintiff attempted to contact each lawyer and the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds

6

the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff does not say that he tried to find a lawyer on his own, so he has not satisfied the threshold requirement that he contact at least three lawyers. Even if he had, the court has allowed the plaintiff to proceed on straightforward excessive force and failure-to-intervene claims. Based on the complaint, the plaintiff has shown that he can describe his version of the incident. Once the named defendants respond to the complaint, the court will issue a scheduling order that will provide guidance and information about conducting discovery and responding to a motion for summary judgment. The court believes that the plaintiff is capable of engaging in discovery and responding to a motion for summary judgment. The court will deny without prejudice his motion to appoint counsel—that means that in the future, if things become more complicated, the plaintiff may renew his motion.

## IV.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 4.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Captain Gloudemans, Sergeant Hearde, Tyler Mays and Sergeant Ivory. Under the informal service agreement, the court **ORDERS** these defendants must file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss

8

the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by unrepresented litigants. Entitled "Answers to Pro Se Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 21st day of May, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9